| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| Antwan Kevin Baker, | Case No.: 2:17-cv-01566-JAD-CWH |
| Plaintiff | **Order Denying Default Remedies and Directing Plaintiff to Take Further Action to Avoid Dismissal** |
| v. | |
| Shoemaker, et al., | [ECF Nos. 17, 20] |
| Defendants | |

Pro se plaintiff Antwan Kevin Baker brings this civil-rights action for events that allegedly occurred during his incarceration at the Clark County Detention Center. The court screened his complaint, allowed Baker to proceed with a single failure-to-protect claim against Correctional Officer Shoemaker only, and directed the Clerk of Court to issue summons for Shoemaker.[1] The court also directed Baker to give the U.S. Marshal the required and completed USM-285 form by July 5, 2018, so that it could serve Shoemaker with the summons and complaint.[2] The U.S. Marshal returned the summons on July 18, 2018, indicating that it did not serve Shoemaker with process because "No USM 285 Received for Service."[3]

Despite the fact that Shoemaker has not been served,[4] Baker moves for a default and default judgment. The clerk of court may enter a default against a defendant only after he has

---

[1] ECF No. 5.

[2] *Id*. at 5.

[3] ECF No. 9 at 2.

[4] Baker has filed a series of nonsensical documents that he has titled "notice" or "proof of service." *See* ECF Nos. 8, 10–13, 14–16. None demonstrates that Shoemaker was served with process.

been served with process but "failed to plead or otherwise defend" against the lawsuit.[5] And default judgment can't be entered until the clerk has entered default *and* the plaintiff has demonstrated that a default judgment is appropriate by analyzing the factors outlined by the Ninth Circuit in *Eitel v. McCool*.[6] Because Shoemaker has not yet been served with process, neither a default nor a default judgment is available to Baker. So his requests for a default and default judgment[7] are denied.

I will give Baker one more opportunity to take the steps necessary to serve Shoemaker. Accordingly, IT IS HEREBY ORDERED THAT:

Baker's requests for a default and default judgment **[ECF Nos. 17, 20] are DENIED**;

IT IS FURTHER ORDERED that the **Clerk of Court** is directed to:

- **ISSUE** a new **summons** for Defendant Shoemaker and **deliver it to the U.S. Marshal for service**;
- **SEND** to Baker one USM-285 form; and
- **SEND** to the U.S. Marshal a copy of the complaint and a copy of this order for service on Defendant Shoemaker.

IT IS FURTHER ORDERED that **Baker has until January 25, 2019, to deliver to the U.S. Marshal the required USM-285 form with relevant information for Defendant Shoemaker. If Baker does not provide the U.S. Marshal with the properly completed USM-285 form for Shoemaker by January 25, 2019, this action will be DISMISSED without prejudice for failure to comply with court order.** After receiving a copy of the USM-285

---

[5] Fed. R. Civ. P. 55(a).
[6] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[7] ECF Nos. 17, 20.

2

forms back from the U.S. Marshal showing whether service was accomplished, Baker **will have 20 days to file a notice with the Court identifying whether Shoemaker was served or not.** If Baker chooses to have service reattempted on Shoemaker (if service was not accomplished the first time), he must **file a motion** with the court specifying a more detailed name and address for Shoemaker and whether some other manner of service should be attempted. **That motion must be filed within 20 days of receiving the USM-285 forms back from the U.S. Marshal, or this case will be dismissed without prejudice for failure to prosecute.**

Dated: January 2, 2019

_____
U.S. District Judge