# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Antwan Kevin Baker, | Case No.: 2:17-cv-01566-JAD-DJA |
| Plaintiff | |
| v. | **Order Dismissing Complaint for Lack of Service** |
| Shoemaker, et al., | |
| Defendants | |

Pro se plaintiff Antwan Kevin Baker brings this action against Las Vegas Metropolitan Police Department Officer Shoemaker to redress civil-rights violations that he claims he suffered while detained at the Clark County Detention Center. Baker's deadline to serve this action was September 4, 2018,[1] but to date, no proof of service has been filed. On October 17, 2019, the Clerk of Court served Baker with notice of intent to dismiss this action for lack of service. That notice advised, "this action may be dismissed without prejudice as to [Shoemaker] unless proof of service is filed with the clerk by 11/16/2019. Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period. Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties."[2] It has been more than three months since the Clerk of the Court sent that notice to the plaintiff, and he has filed nothing in response.

---

[1] ECF No. 6.
[2] ECF No. 26.

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[4]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

---

[3] Fed. R. Civ. Proc. 4(m).

[4] Fed. R. Civ. Proc. 4(c).

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260–61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24; *Thompson*, 782 F.2d at 831.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[9] and that warning was given here.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Because Baker has not demonstrated that process has been served within the time prescribed by FRCP 4(m), I dismiss this case without prejudice under FRCP 4(m).

IT IS THEREFORE ORDERED that this action is **DISMISSED** under FRCP 4(m);

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: February 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33.
[10] ECF No. 26.